**WO**                                                                                            BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Christopher Musselman, | ) | No. CV 05-2095-PHX-NVW (JCG) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner John Christopher Musselman, presently confined in the Santa Rita Unit of the Arizona Prison Complex in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will order an answer.

**A.    Procedural Background**

On February 26, 1999, in Maricopa County Superior Court, No. 98-093174, Petitioner was convicted by a jury of sexual conduct with a minor and dangerous crimes against children. Petitioner was sentenced to 26 years' imprisonment and his convictions and sentences were affirmed on direct appeal. Petitioner's state post-conviction petition was denied by the Maricopa County Superior Court and review was denied by the appellate court.

In his habeas petition, Petitioner argues that he received ineffective assistance of counsel because (1) counsel failed to advise him about a plea bargain offer, (2) an extremely limited amount of time was spent investigating his case, (3) counsel admitted to Petitioner's

guilt during opening arguments, (4) Petitioner was denied allocution, (5) Petitioner was unaware of what was occurring at the sentencing hearing because he collapsed from a diabetic emergency, (6) counsel was not present at the reading of the verdict, (7) Petitioner was denied a continuance of his trial, (8) Petitioner was denied a fair trial because he was not allowed to "challenge the duties of offers," and (9) Petitioner was denied a "case of defense catch all - denied fair trial."

It is unclear whether Petitioner properly exhausted his claims.  However, even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would be inappropriate.  See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred).  Accordingly, an answer is required.  28 U.S.C. § 2254(a).

**B.    Rule 41 Cautionary Notice.**

Petitioner should take notice that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this action, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1)  A copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)  Respondent shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the

1    defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison

2    v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).   If not limited to affirmative defenses, the

3    answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing

4    Section 2254 Cases.

5         (3)  Petitioner may file a reply within thirty (30) days from the date of service of the

6    answer.

7         (4)  Petitioner shall serve upon Respondent, or if appearance has been entered by

8    counsel, upon the attorney, a copy of every further pleading or other document submitted for

9    consideration by the Court.  Petitioner shall include with the original document and copy, to

10    be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

11    the pleading or document was mailed to Respondent or the counsel.  Any paper received by

12    a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the

13    Court may be disregarded by the Court.

14         (5) At all times during the pendency of this action, Petitioner shall immediately advise

15    the Court of any change of address and its effective date.  Such notice shall be captioned

16    "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only information

17    pertaining to the change of address and its effective date.  The notice shall not include any

18    motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may

19    result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil

20    Procedure 41(b).

21         (6)  Aside from the two copies of the petition or amended petition that must be

22    submitted, a clear, legible copy of every pleading or other document filed shall accompany

23    each original pleading or other document filed with the Clerk for use by the District Judge

24    or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

25    may result in the pleading or document being stricken without further notice to Petitioner.

26    / / /

27    / / /

28    / / /

1

2          (7)  This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Local

3    Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and

4    recommendation.

5          DATED this 18th day of October, 2005.

6

7

8    _____

9                          Neil V. Wake
                    United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28