IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Christopher Musselman,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, *et al.*,<br><br>    Respondents. | No. CV 05-2095-PHX-NVW (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation (Doc. No. 2). Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 13). The Magistrate Judge recommends that the District Court deny the Petition as to Grounds 2 and 4. The Magistrate Judge further recommends that Respondents be afforded 30 days in which to supplement their Answer with respect to Grounds 1 and 3 of the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner began a sexual relationship with a 14-year-old boy in 1996; the relationship lasted for two years and involved several acts of oral and anal sex, some of which Petitioner

videotaped.[1]  (Answer, Ex. A, pgs. 1-4.)  Petitioner was represented at trial by private counsel. (Answer, Ex. G, pg. 4.)  On February 26, 1999, a jury convicted Petitioner of two counts of sexual conduct with a minor under fifteen years of age. (Answer, Ex. A, pg. 4; Ex. E, App. H.) Petitioner was sentenced to two consecutive 13-year prison terms without possibility of parole. (Answer, Ex. A, pg. 4.)  He was also convicted of three counts of sexual conduct with a minor over the age of 15 and one count of sexual exploitation of a minor, for which the trial court suspended his sentence and placed him on lifetime probation.  (Id.)

On December 20, 1999, the Maricopa County Public Defender's Office represented Petitioner in filing a direct appeal to the Arizona Court of Appeals.  (Answer, Ex. B.) Petitioner's direct appeal raised one claim: whether Petitioner's twenty-six year sentence without possibility of parole violated the Eighth Amendment's prohibition on cruel and unusual punishment.  (Id., pg. 6.)  The Court of Appeals affirmed Petitioner's conviction and sentence. (Answer, Ex. A, pgs. 4-8.)  Petitioner petitioned for review of the Court of Appeal's decision; the Arizona Supreme Court summarily denied his petition.  (Answer, Ex. C.)

Petitioner filed a notice of post-conviction relief on March 5, 2001.  (Answer, Ex. D.) On January 18, 2002, after several continuances, Petitioner filed a Rule 32 petition for review. (Answer, Ex. E.)  Petitioner presented eighteen claims for relief in his Rule 32 petition, twelve of which were claims for ineffective assistance of counsel.  (Id.)  The trial court, after reviewing the Rule 32 petition and its exhibits, the 3-volume legal file, and after conducting an evidentiary hearing, concluded that all but two of the claims presented in Petitioner's Rule 32 petition were precluded and dismissed the claims.  (Answer, Ex. F.)  The trial court ruled that Petitioner had presented two colorable claims for ineffective assistance of counsel.  However, in its order denying the Rule 32 petition, the trial court discussed only one ineffective assistance of counsel claim: Petitioner's claim that his trial counsel failed to communicate a plea offer to him.  The

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

1 trial court then denied relief with respect to the ineffective assistance of counsel claims.
2 (Answer, Ex. F.)

3       On April 4, 2003, Petitioner filed a petition for review of the trial court's denial of the
4 Rule 32 petition. (Answer, Ex. G.) Petitioner's Court of Appeals petition for review asserted
5 three claims: (1) the trial court erred in failing to consider Petitioner's claim for ineffective
6 assistance of appellate counsel, (2) the trial court erred in failing to consider any of Petitioner's
7 ineffective assistance of counsel claims other than the claim arising from trial counsel's alleged
8 failure to inform Petitioner of a plea offer, and (3) Petitioner received ineffective assistance of
9 counsel because his trial counsel failed to communicate the plea offer to him. On July 14, 2004,
10 the Arizona Court of Appeals summarily denied review. (Answer, Ex. H.)

11       On July 15, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in federal court.
12 In his petition, Petitioner presents four claims for relief, each arising from Petitioner's Fifth,
13 Sixth and Fourteenth Amendment right to effective assistance of counsel:[2]

14     **Ground 1**: Petitioner's trial counsel failed to communicate a plea offer to him;
15     **Ground 2**: Petitioner's trial counsel spent a limited amount of time preparing for trial;
16     **Ground 3**: Petitioner's trial counsel admitted his guilt during opening statements; and
17     **Ground 4**: Petitioner's counsel of record was not present during the reading of the
18 verdict.

---

[2] Although Petitioner identified only one constitutional violation in his Petition – "Ground 1: ineffective assistance of counsel" – the supporting facts section of that Ground provides factual allegations in support of several claims of ineffective assistance of counsel. (Petition, pg. 5.) The supporting facts section also includes numerous allegations that are unrelated to any alleged constitutional violation. For example, Petitioner alleges in Ground 1 that he was denied a continuance by the trial court judge. (Petition, pg. 5.) Accordingly, the Court has construed the Petition as stating four claims for ineffective assistance of counsel, but has not considered any factual allegations unrelated to those claims. See 28 U.S.C. § 2254(a) (stating that the Court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States); see also Picard v. Connor, 404 U.S. 270, 277 (1971) (holding that it is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim ... inherent in those facts" must also be raised).

# DISCUSSION

**A.    Timeliness**

Respondents argue that Petitioner's Petition was not filed within the 1-year limitation period set forth by 28 U.S.C. § 2244(d). Respondents contend that Petitioner's state court proceedings became final at the conclusion of the state court's direct review of his conviction, and that the statute of limitations was tolled only so long as Petitioner's Rule 32 petition remained pending. According to Respondents, Petitioner's Rule 32 petition was no longer pending after July 14, 2004, the date that the Arizona Court of Appeals denied Petitioner's petition for review of the trial court's denial of Petitioner's Rule 32 petition. Respondents contend that Petitioner's 1-year limitations period began to run on July 15, 2004, and expired on July 14, 2005 – one day before Petitioner filed his Petition in federal court.

Even if the Court were to assume that Respondents' argument that Petitioner's 1-year limitations period began to run on July 15, 2004 were correct, Petitioner's Petition would nonetheless have been filed within the 1-year limitations period because Petitioner is a pro se prisoner litigant. Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. See Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). In the present case, Petitioner dated his Petition on July 13, 2005, and it was filed with the Court on July 15, 2005. Thus, the latest possible date that Petitioner could have handed his Petition to prison authorities for mailing is July 14, 2005. Accordingly, Petitioner's petition will be deemed timely filed.

**B.    Exhaustion**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). First enunciated in Ex parte Royall, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."

1  Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).  The requirement is grounded in principles
2  of comity, and reflects a desire to protect state courts' role in the enforcement of federal law.
3  Castille v. Peoples, 489 U.S. 346, 349 (1989) (citation omitted).  The requirement is also based
4  on a pragmatic consideration that fully exhausted claims will usually be accompanied by a
5  complete factual record once they reach federal court.  Rose v. Lundy, 455 U.S. 509, 519
6  (1982).

7       A petitioner must exhaust his claims by fairly presenting them to the state's highest court,
8  either through a direct appeal or collateral proceedings, before a federal court will consider the
9  merits of habeas corpus claims pursuant to 28 U.S.C. § 2254.  See Rose v. Lundy, 455 U.S. 509,
10 519 (1982).  A petitioner must have also presented his claim in a procedural context in which
11 its merits will be considered.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  A habeas
12 petitioner's claims may be precluded from federal review on exhaustion grounds in either of two
13 ways.  First, a claim may be procedurally defaulted in federal court if it was actually raised in
14 state court but found by that court to be defaulted on state procedural grounds.  See Coleman
15 v. Thompson, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted
16 in federal court if the petitioner failed to present the claim in a necessary state court and "the
17 court to which the petitioner would be required to present his claims in order to meet the
18 exhaustion requirement would now find the claims procedurally barred."  Id. at 735 n.1.  If a
19 petitioner has procedurally defaulted a claim in state court, a federal court will not review the
20 claim unless the petitioner shows "cause and prejudice" for the failure to present the
21 constitutional issue to the state court, or makes a colorable showing of actual innocence.  See
22 Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992);
23 Murray v. Carrier, 477 U.S. 478, 485 (1986).

24      Petitioner has exhausted Grounds 1 and 3 of his Petition.  Each of these grounds was
25 properly presented to the trial court in Petitioner's Rule 32 petition (Answer, Ex. E, pgs. 10 and
26 12) and to the Arizona Court of Appeals in Petitioner's petition for review of the trial court's
27 denial of his Rule 32 petition.  (Answer, Ex. G, pgs. 14-18.)

28

1    Petitioner did not present Grounds 2 or 4 in his Rule 32 petition or in his petition for
2 review to the Court of Appeals.  Because Petitioner did present Grounds 2 or 4 to the highest
3 state court on collateral proceedings prior to raising them in his federal Petition, the claims are
4 not exhausted, and they cannot be raised for the first time in his federal Petition.  <u>See Rose</u>, 455
5 U.S. at 519.

6    Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4
7 from obtaining relief on Grounds 2 or 4 in state court absent an applicable exception under
8 Rules 32.2(b) and 32.1(d)-(h), Ariz. R. Crim. P., which he does not assert.  Thus, Grounds 2 and
9 4 are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice
10 or a fundamental miscarriage of justice.  <u>See Coleman v. Thompson</u>, 501 U.S. 722,  749-50
11 (1991) (citations omitted; internal quotation marks omitted); <u>Thomas v. Goldsmith</u>, 979 F.2d
12 746, 749 (9th Cir. 1992).  Petitioner does not allege either cause and prejudice or a fundamental
13 miscarriage of justice to overcome the default.  Therefore, the Magistrate recommends that
14 Grounds 2 and 4 be dismissed as procedurally barred.

15 **C.    Merits**

16    Respondents did not brief the merits of the claims raised in the Petition, relying instead
17 on their argument that the Petition was not timely filed.  Respondents requested additional time
18 to respond to the merits of Petitioner's properly exhausted claims, however, in the event that this
19 Court concluded that the Petition was timely filed.  (Answer, pgs. 8-9.)  Accordingly, the
20 Magistrate Judge recommends that Respondents be granted an additional 30 days to supplement
21 their Answer in order to respond to the Merits of Grounds 1 and 3 of the Petition.

**RECOMMENDATION**

23    Based on the foregoing, the Magistrate Judge recommends that the District Court enter
24 an order DENYING the Petition for Writ of Habeas Corpus as to Grounds 2 and 4.  The
25 Magistrate Judge further recommends that Respondents be afforded 30 days in which to
26 supplement their Answer with respect to Grounds 1 and 3 of the Petition.

27    Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
28 ten days of being served with a copy of the Report and Recommendation.  If objections are not

- 6 -

1 timely filed, they may be deemed waived. If objections are filed, the parties should use the
2 following case number: **CV 05-2095-PHX-NVW.**

3    The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and
4 counsel for Respondents.

5    DATED this 12th day of March, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge