IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Christopher Musselman,<br><br>              Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>              Respondents. | No. CV 05-2095-PHX-NVW (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2254 ("Petition") (Doc. No. 1). Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. (Doc. No. 2 & 15.) A Report and Recommendation was filed on March 12, 2007. (Doc. 14.) After reviewing the Report and Recommendation, the District Court denied relief to Petitioner on Grounds 2 and 4 of the Petition. (Doc. No. 15.) The Court reserved judgment on Grounds 1 and 3 of the Petition, ordered Respondents to supplement their Answer to address the merits of Grounds 1 and 3, and referred the matter back to the Magistrate Judge. Respondents filed a Supplemental Answer on August 20, 2007. (Doc. 21.) Having now reviewed the Supplemental Answer and all previously filed documents in this case, the Magistrate Judge recommends that the District Court deny relief to Petition on Grounds 1 and 3, and deny the Petition for Writ of Habeas Corpus.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying Petitioner's conviction and the procedural history are set out fully in the Report and Recommendation dated March 12, 2007. (Doc. No. 14.) Accordingly, the facts and procedural history are not repeated here.

The present question to be decided is whether Petitioner is entitled to relief on the two remaining claims in his Petition. Both claims relate to the effectiveness of Petitioner's counsel. Petitioner asserts that his counsel was ineffective because he failed to communicate a plea offer to him (Ground 1) and because he admitted Petitioner's guilt during opening statements (Ground 3).

**DISCUSSION**

The Magistrate recommends that the petition be denied because Grounds 1 and 3 are without merit.

**A.     Standard of Review**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. Wainwright v. Witt, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. Sumner v. Mata, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. Reed v. Farley, 512 U.S. 339 (1994). The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

1  United States; or (2) resulted in a decision that was based on an unreasonable determination of
2  the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

3  Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme
4  Court precedent "if the state court applies a rule that contradicts the governing law set forth" in
5  Supreme Court cases or "if the state court confronts a set of facts that are materially
6  indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different
7  from" that precedent. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision
8  is an unreasonable application of clearly established federal law if "the state court identifies the
9  correct governing legal principle" from a Supreme Court decision "but unreasonably applies that
10 principle to the facts of the prisoner's case." Id. at 413.

11 Strickland v. Washington, 466 U.S. 668 (1984), is the clearly established federal law
12 governing Petitioner's remaining claims. Strickland addresses the Sixth Amendment's
13 guarantee of the right to effective assistance of counsel. Strickland, 466 U.S. at 686. Under
14 Strickland, to prove ineffectiveness, it must be shown that: (1) counsel's performance was
15 deficient, in that counsel made errors so serious that counsel was not functioning as "counsel",
16 and (2) counsel's deficient performance prejudiced the defense. Id. at 687, 692. A claim that
17 fails to satisfy either Strickland prong must fail. Id. at 687-94. Mere conclusory allegations are
18 insufficient to prove that counsel was ineffective. Shah v. United States, 878 F.2d 1156, 1161
19 (9th Cir. 1989). Judicial scrutiny of counsel's performance must be highly deferential, since
20 there is a "strong presumption that counsel's performance falls within the 'wide range of
21 professional assistance." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting
22 Strickland, 466 U.S. at 689.) Because Petitioner's claim arises in the context of a habeas
23 petition, Petitioner must demonstrate that the state court's rejection of his ineffectiveness of
24 counsel claims was contrary to law clearly established by Strickland or was based on an
25 unreasonable determination of the facts in light of the evidence presented. Petitioner can
26 demonstrate neither.

**B.     Ground 1**

In evaluating Petitioner's claim that counsel failed to advise him of a plea offer, the trial court conducted an evidentiary hearing.  At the hearing, Petitioner's trial counsel testified that: he had communicated the plea offer and "discussed it pretty thoroughly with him" (Exhibit I, p. 46, 56); he tried everything to convince the Petitioner to accept the offer (Id. at 46, 56); but Petitioner adamantly stated, every time the offer was discussed, that he would not plead to a prison term. (Id. at 49.)  The trial court, rejecting Petitioner's assertions to the contrary, found that Petitioner's "counsel informed him of the plea, and the Defendant had no desire to take the plea to a prison sentence because he wanted to test the plausibility of his defense regarding the victim's age." (Ex. F, p. 2.)  Based on this finding, the trial court concluded that the Petitioner failed to show that trial counsel's performance was deficient.  (Id.)

The trial court's rejection of Petitioner's ineffective assistance of counsel claim was not contrary to clearly established law.  Although the trial court did not cite Strickland directly, it did cite cases which applied the Strickland standard.  Moreover, the trial court, after hearing evidence, concluded that defense counsel's performance was not deficient, thus applying the first prong of the Strickland test.  As the Petitioner failed to prove that his representation was deficient, the trial court was not obligated to address the second prong of the Strickland test.

In addition, the trial court's decision was a reasonable determination of the facts in light of the evidence presented.  The evidentiary record clearly supports the trial court's finding that defense counsel had communicated the plea offer to the Petitioner.

**C.     Ground 3**

In Ground 3, Petitioner alleges his counsel was ineffective because he admitted Petitioner's guilt during opening statements. The state court dismissed this claim, but did not explain the basis for its decision.  (Ex. F.)  When a state court provides no rationale for its decision on a petitioner's federal claim, an independent "review of the record is the only means of deciding whether the state court's decision was [an] objectively reasonable" application of clearly established federal law.  Greene v. Lampert, 288 F.3d 1081, 1088 (9th Cir. 2002).  This independent review, however, still requires deference to the state court's ultimate decision.

- 4 -

1  Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002), citing Delagado v. Lewis, 223 F.3d 976,
2  982 (9th Cir. 2002) ("Federal habeas review is not *de novo* when the state court does not supply
3  reasoning for its decision, but an independent review of the record is required to determine
4  whether the state court clearly erred in its application of controlling federal law.")  Thus, this
5  court must independently review the record to determine whether the trial court's dismissal of
6  Petitioner's claim was a reasonable application of federal law.  Having reviewed the record, this
7  Court concludes that the dismissal was not erroneous.

8        Trial counsel's qualified admission in his opening statement was a reasonable tactical
9  strategy that met an "objective standard of reasonableness."  In the first sentences of his opening
10 argument, counsel stated: "I'm going to say something to you that will probably surprise you.
11 I represent John and John is guilty.  He is guilty in this case but you must determine what it is
12 that he is guilty of.  It is our view that the evidence does not support all of the charges.  And you
13 will sort through those and weed them out."  (Ex. J, pg. 28.)  When counsel made his opening
14 statement, he knew that with the videotape of Petitioner engaged in sexual acts with the victim,
15 the state had an overwhelming case which was likely to result in the conviction of his client.
16 (Ex. I, pgs. 44, 65-66.)  In light of the overwhelming evidence against Petitioner, trial counsel's
17 strategy of admitting Petitioner's guilt was reasonable and counsel was not deficient in pursuing
18 it.  As the State compellingly argues, Petitioner's counsel's admission of his client's guilt as to
19 some of the charges allowed him to retain credibility in the eyes of the jury to argue that the
20 other alleged acts were fabricated by the victim. (Supplemental Answer, pg. 7.)  Such a strategy
21 would fall within the "wide range of reasonable professional assistance" that is acceptable under
22 Strickland.  Strickland, 466 U.S. at 699.  "Judicial scrutiny of counsel's performance must be
23 highly deferential...A court must indulge a strong presumption that counsel's conduct falls
24 within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 699. After

1 review of the record, this Court concludes that Petitioner has not overcome the strong
2 presumption that his counsel's strategy was reasonable. Id. at 690.[1]

3 In sum, the trial court's rejection of this claim was not erroneous. Independent review
4 of the record demonstrates that counsel's statements during opening statement were a
5 reasonable tactical strategy, objectively reasonable, and within the range of reasonable
6 professional assistance. Under Strickland, the applicable controlling federal law, the finding
7 that counsel's performance was not deficient compels rejection of the claim. Moreover, this
8 finding is not unreasonable in light of the evidentiary record.

### RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 05-2095-PHX-NVW.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 3rd day of December, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge

---

[1] In addition, Petitioner has failed to demonstrate prejudice. Indeed, it is possible that the admission ultimately assisted the defense. While the exact cause of the jury's verdict cannot be ascertained, it is noteworthy that the jury acquitted Petitioner of three of the nine charges he faced. (Ex. E, pg. 3.)